Our next case is case number 415-0598, Joshua Jeffers v. Deborah Auble. For the appellant, we have Mr. Peek, and for the appellee, we have Mr. Reifstech. Is that how you pronounce that? Reifstech, okay. Are you ready to proceed, counsel? Yes, ma'am. Please do. May it please the court, counsel. I want to start just informally, if I may. I watched an interesting movie, Amistad, and the John Adams character says, well, put the law in your briefs, and when you get to the court, tell them the story. And so I'd like to give a little bit of back story here. We have two people, a landlady and a tenant. The landlady leased her home to the tenant. The tenant was there for a couple of years, an eight-month lease that was renewed a couple of times, and at the end of the third term, or close to the end of that third term, they ran into some trouble. The tenant purchased a house and wanted out of the lease. He asked the landlady if he could be let out of the lease, and she said, well, you know, I'd like a little bit of money for my damages, and I'd like to, you know, work on this. And he said, no, I really don't want to do that. So they set up a mediation. They went and they had a mediation session. They hired a professional mediator, a gentleman who's retired from the banking industry, and they met to try to solve this issue long before it ever got to court. And at that session, the landlady, she was a little adamant. She needed a little bit of money for the term of the lease. There were some other issues. He didn't want to, the tenant didn't want to pay for the last month. He wanted to be let out. He bought his house and wanted to live in his house. And things got a little heated in the mediation. In fact, the tenant says to the landlady, he says, F you. I'm going to go home. I'm going to go back, and I'm going to mess things up at this house, and I've already got the city inspector coming on the way. And that's what he did. He went home and did significant damage to the residence. The city inspector met him there. The landlady had to come out and do an extensive amount of repairs to this house, and she filed suit to recover. She files her suit in January. We get to trial in August. We have a three-hour trial. It presents quite a number of pictures showing the damage, the extensive damage. After a three-hour trial, we rest. The judge says he would give us a ruling. It mattered a couple of weeks. Time goes on. The judge won't give us a court date for a ruling. Time goes on. We still can't get a court date for a ruling. Finally, we're able to get back in front of the judge, May 4th, eight months later, in order to get his ruling, a three-hour damage trial. And then mysteriously, the judge denies the fees, which were specifically provided for in the lease, with the statement that there's no proof that the attorney's fees were paid, and then that they didn't comport with Professional Rule of Conduct 1.5C, a contingency fee rule. And then the judge says no evidence that the fees are contingent. Was the judge correct? What evidence did you present with regard to attorney fees? The evidence that was presented, Judge, was a line item on an affidavit of damages. What evidentiary value does that have? It's a statement of what was paid. Well, it didn't break it down, hourly, Judge, and I understand... That wasn't my question. What evidentiary value does it have in the trial that you submitted a document that has a claim for $2,000? I'm the judge, I see. Oh, that's interesting. Okay, let's proceed with the case, Counsel. Well, it's the client's sworn statement that does her attorney's fees. What evidentiary value does a sworn statement preceding a trial have in the trial? Perhaps I'm misunderstanding your question, Judge. Well, here's my question. You presented no evidence. There's this sworn statement that was attached to the complaint that doesn't constitute evidence. It might have put the opposing side on notice, which you're seeking $2,000. It might have put the trial judge on notice that you're seeking $2,000. But, in fact, you presented no evidence at all in support of this claim, did you? I'd have to review the testimony. I believe we did do testimony. She was asking for attorney's fees, and the affidavit was correct. Okay, maybe there was some reference she was seeking. The law is pretty clear that you need to show the hours the attorney spent, hourly rate, usual and customary charges. The trial judge said the record is simply silent. Noticing this prayer for attorney's fees of $2,000 isn't, going back to my first question, isn't that correct? I don't believe that the judge said that the record is silent. Quote, there's also a prayer for $2,000 in attorney's fees, and the record is simply silent. This was with regard to, I think, after you filed your petition for a re-hearing, so the court doesn't believe the proof establishes the award of attorney's fees. Nothing stopped you at the trial from presenting any evidence you might wish to with regard to attorney fees. Would that be correct? That would be correct, Judge. I would also notice, though, that for the record, it's the same judge that all these appearances had been in front of. The judge presided over a three-hour trial. The judge presided over a previous hearing on motion to dismiss. So you're asking him to take judicial notice? I'm sorry, Judge? By this argument, are you asking him and, I guess, us to take judicial notice? Yes, Your Honor. What's the basis for that request? I suppose the court could take judicial notice of the time you spent, but you're supposed to establish a reasonable basis for your attorney's fee. Evidence about customary charges, hourly rate, usual and customary charge, there's none of this. Yes, Judge, I do appreciate that. At the same time, as I said with the judicial notice argument, though, it is the same judge. He could observe the pleadings. He observed each time we were in court. And at the same time, on the motion to reconsider, we did request the opportunity to provide that proof up in order to be able to demonstrate to the court that the fees were, in fact, reasonable. What did the judge say? The judge's only response was that both motions to reconsider were utterly without merit with no other comment. Well, but you're not entitled to present additional evidence, are you, to overcome the failure to present evidence on point at the trial? That's not what a petition to reconsider is supposed to be about. Correct, Your Honor. However, when looking at the issue of the statements that the judge made when he denied the fees, Rule 1.5c, which doesn't apply, as well as whether those fees, whether there's evidence that those fees were paid, I think then it goes towards a different question. If the judge had said, Mr. Peek, you need to present them in this way, or you need to present them in this way, as opposed to stating that because you've provided no evidence that they're paid, and so they aren't presumptively reasonable, or you haven't, or that they don't comport with Rule 1.5c, which is the contingency rule, I think it cuts a different way, Your Honor. So this is a matter addressed at the trial court's discretion, in the whole business of attorney fees? Judge, I'm very sorry, I'm a little bit hard of hearing. Is this a matter addressed at the trial court's discretion on attorney's fees, like whether it will entertain a hearing on a motion to reconsider? Yes, Judge, I believe that is allowed. Well, why, given our deferential status, why should we hold that the trial court erred by first, concluding what the record shows, you didn't present any evidence about attorney's fees, the only thing to form was this one line in the complaint, and secondly, that he's not under any obligation to point out the deficiencies in your case on this point, and was not of a mind to reopen the proofs, which is essentially what you're asking to do, to let you prove later what you should approve at the trial. Why is that an abuse of his discretion? In this matter, Judge, it's a matter of contract within the lease, where the lease specifically provided for reasonable attorney's fees, that's how the parties had agreed, and the argument is that the court should give weight to the agreement to the parties, but whether there's a question of what that amount should be, then that's a separate question of whether those attorney's fees should be awarded. Typically, Judge, what we do in Champaign County is we have an eviction trial, we have a small claims trial, and often the issue of fees then, at the end of it, is reserved. At this point, we'd have the trial in August, we don't get a ruling until May, weren't given the opportunity to request that the issue of fees be reserved, the judge simply denied them. And in order to give effect to the meaning of the lease, the provision of the lease that provides for attorney's fees, then we could have said, hey, Mr. Peek is entitled to some fees, or his client is entitled to reimbursement for some fees, and it's just a matter of determining what those fees are. Was there any request made at the termination of this case before the judge took on the advisement to reserve the issue of attorney fees for presentation of evidence subsequently? We presented only the affidavit of damages. If justices have no further questions, then it is our argument, then, that based on the provision of the lease, the lease specifically did provide for attorney's fees, while it didn't provide for the question of how much those attorney's fees were, we do believe that the trial judge was in error by denying those fees, and denying those fees for the contingency rule, and also then, they weren't presumptively reasonable, because there was no evidence that they had yet been paid. Thank you, counsel. Mr. Riefstad? One of the issues that was raised in the briefs is the standard review that's before you that I don't believe counsel addressed, but he did address it in his brief. We would stand on our statement in the brief that the motion to reconsider involves attorney's fees, denial of attorney's fees, and that the 4th District has previously held that whether an award of attorney's fees won't be disturbed absent abuse of discretion. I would also submit that in this case, even if you apply a de novo review, that is, if the attorney's fees are no real import to the ruling in this case, the plaintiff in this case, Ms. Alvo, is appealing the denial of the motion to reconsider based upon the court, in her words, misapplying existing law, and we submit that there was no misapplication of the law here, because as the questioning had pointed out, which is our argument in the brief, while the contract or the lease may have very well provided for attorney's fees, and those very well may have been appropriate, it didn't obviate the need for plaintiff to prove up those attorney's fees. I think that the case law is clear and would submit that the case law is clear that in order to have reasonable attorney's fees awarded, that there has to be some showing of the time spent, complexity of the case, the description of the work, some type of reasonable, there's nothing for the trial court to base a decision of attorney's fees on in this case. Secondly, there was the question, did he reserve the right to come back or the opportunity to come back for fees? I believe the record is silent as to that as well. There was no such request. And what the court, or what the plaintiff is requesting the court here to do in a motion to reconsider is, we know we didn't get the evidence necessary here in order to prove our damages at trial. We would like a rehearing on the evidence now. And we submit that you don't get two bites at the apple. They chose to go in and prove up their cases. The trial court specifically asked, are you asking for attorney's fees? The answer was yes. There was an affidavit put in place that's insufficient. And for those reasons, we believe that the trial court's ruling should be affirmed. Thank you, counsel. Any rebuttal, Mr. Peek? Your Honor, my only rebuttal would be, notwithstanding the sufficiency of the affidavit, that the fees were being denied for the right reasons. Where the trial judge, again, has stated out of left field that they're being denied for the failure to comport with the contingency rule and they're being denied because they aren't presumptively reasonable, that there's no evidence that they've been paid. I think those are simply just the wrong reasons. And if the judge had given her the correct reason, then perhaps we wouldn't be here today. Thank you, counsel. We'll take this matter under advisement.